IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**JEROLD K. SCHUETZ**
659 Wildfire Lane
Milton, Wisconsin 55563

        Plaintiff,

        vs.                                    Case No.: 14-CV-550

**RW MANAGEMENT GROUP, INC.**
380 Knollwood Road
West Bend, Wisconsin 53095

and

**JEFFREY R. ROEMER**
380 Knollwood Road
West Bend, Wisconsin 53095

        Defendants.

---

## COMPLAINT

---

The Plaintiff, Jerold K. Schuetz, by his attorneys, Hawks Quindel S.C., by David C. Zoeller and Caitlin M. Madden, for his Complaint against the Defendants, RW Management Group, Inc. and Jeffrey R. Roemer, states as follows:

### JURISDICTION AND VENUE

1.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

1

Venue is proper in the United States District Court for the Western District of Wisconsin under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

2. Plaintiff Jerold K. Schuetz ("Schuetz") is an adult resident of the state of Wisconsin, residing at 659 Wildfire Lane, Milton, Wisconsin. Schuetz's consent to bring this action is attached as Exhibit A to this Complaint and is incorporated herein by reference.

3. Schuetz was an employee of Defendants under the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. § 104.01(3), 29 U.S.C. § 203(d).

4. Defendant RW Management Group, Inc. is a domestic corporation located at 380 Knollwood Drive, West Bend, Wisconsin. RW Management Group, Inc. is an "employer" within the meaning of Wis. Stat. § 109.01(2) and 29 U.S.C. § 203(d).

5. Defendant Jeffrey R. Roemer ("Roemer") is the President of RW Management Group, Inc. Roemer is an "employer" within the meaning of Wis. Stat. § 109.01(2) and 29 U.S.C. § 203(d).

## ALLEGATIONS

6. During some or all of the three years preceding the filing of this Complaint, Defendants employed Schuetz at RW Management Group, Inc. as a Senior Consultant.

7.     On February 18, 2013, Schuetz and Roemer executed an Employment Agreement, attached hereto as Exhibit B, which stated that Schuetz was to be compensated at a rate of $50 per hour.

8.     RW Management Group, Inc. was in default of its payroll expenses starting in August 2012. As such, Schuetz was not compensated for work performed from August 1, 2012 through February 28, 2013. See Exhibit C. Defendants owed Schuetz a total of $26,025.45 for work performed during this period.

9.     Starting on March 15, 2013, Defendants began paying Schuetz his back pay in the amount of $1,000 per month. Schuetz was paid through November 15, 2013. At this time, Defendants still owed Schuetz $17,025.45. See Exhibit D.

10.    Schuetz worked for 69 hours in June 2014, and submitted his timecard in accordance with company policy. Under his employment agreement, he was due $3,450 for those hours worked. Instead, he was paid $2,400 for the month of June 2014.

11.    Defendants provided Schuetz with a new Employment Agreement effective July 1, 2014. This agreement stated that Schuetz would be paid at a rate of $2,400 per month plus expenses, and that the contract would be valid until December 31, 2014. See Exhibit E.

12.    On July 12, 2014, Schuetz emailed Roemer and asked why he had not been compensated for the 69 hours worked in the month of June at the $50/hour rate agreed upon in his employment contract.

13. On July 13, 2014, Schuetz informed Roemer via email that he intended to speak with an attorney regarding recovery of the monies due and owing to Schuetz.

14. On July 13, 2014, Roemer terminated Schuetz's employment with RW Management Group, Inc.

FIRST CAUSE OF ACTION
FAILURE TO PAY MINIMUM WAGES IN VIOLATION
OF THE FAIR LABOR STANDARDS ACT

15. The FLSA, 29 U.S.C. § 206, requires each covered employer to compensate all employees at a rate not less than the federal minimum wage for all hours worked.

16. During his employment with Defendants, and within the applicable statute of limitations, Schuetz regularly worked entire weeks for which he received no compensation, and as such was compensated at less than the federal minimum wage.

17. Defendants' practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq., including 29 U.S.C. § 206. As a result of these unlawful practices, Schuetz has suffered a wage loss.

18. Defendants knew or showed reckless disregard for the fact that they failed to pay Schuetz minimum wage compensation in violation of the FLSA.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY REGULAR AND MINIMUM
## WAGES IN VIOLATION OF WISCONSIN LAW

19.     Schuetz re-alleges and incorporates by reference herein the paragraphs above.

20.     The foregoing conduct, as alleged, violates Wis. Stat. § 104.02, and Wis. Admin. Code § DWD 272.03(1)(a).

21.     At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of Wis. Stat. § 104.01, and Wis. Stat. § 109.01(1r).

22.     At all relevant times, Schuetz was an employee of Defendants within the meaning of Wis. Stat. § 104.01(2) and Wis. Stat. § 109.01(2).

23.     Wis. Stat. § 104.02 and Wis. Admin. Code § DWD 274.03 require an employer to pay employees at least the minimum wage prescribed by Wis. Admin. Code § DWD 274.03 for all hours worked.

24.     During his employment with Defendants, and within the applicable statute of limitations, Schuetz regularly worked weeks for which he was compensated at less than the minimum wage prescribed by Wis. Admin. Code § DWD 274.03 for all hours worked.

25.     As a result of Defendants' willful failure to pay regular and minimum wages earned and due to Schuetz, Defendants have violated Wis. Stat. §§ 104.03, 109.03, and Wis. Admin Code § DWD 272.03.

26.     Schuetz seeks damages in the amount of the unpaid minimum and regular wages earned and due as provided by Wis. Stat. §§ 103.03, 104.03, and

109.03, and Wis. Admin Code DWD § 274.03, 272.03, as well as such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

### THIRD CAUSE OF ACTION: BREACH OF CONTRACT

27. Schuetz re-alleges and incorporates by reference herein the paragraphs above.

28. Defendants contracted with Schuetz on February 18, 2013 to perform work for which he would be compensated at a rate of $50 per hour.

29. Despite the parties' contract, and despite Schuetz's performance of the duties under that contract, Defendants breached this contract with Schuetz by failing to compensate him for all of the hours that he worked.

30. As a direct and proximate cause of Defendants' breach through its agents, servants, and/or employees, and as a corporate entity, as alleged, Schuetz suffered compensable injuries, all to his damage in an amount to be determined by a jury.

WHEREFORE, the Plaintiff demands judgment against Defendants, awarding him:

A. The minimum wage compensation owed to the Plaintiff under 29 U.S.C. § 206 for the three-year time period prior to the commencement of this action;

B. The minimum wages owed to the Plaintiff under Wis. Stat. § 103.03 and 104.03 for the two-year time period prior to the commencement of this action;

C. The wages owed to the Plaintiff under Wis. Stat. § 109.03 for the two-year time period prior to the commencement of this action;

D. Liquidated damages in an amount equal to the amount awarded to him as minimum wage compensation as provided in 29 U.S.C. § 216(b);

E. Penalties due under Wis. Stat. § 109.11;

F. All attorney's fees incurred by Plaintiff in prosecuting this action, and the costs of this action, as provided by 29 U.S.C. § 216(b) and Wis. Stat. § 109.03(6); and

G. Such other legal or equitable relief as this Court deems just and necessary to vindicate Plaintiff's rights under Wisconsin law and the Fair Labor Standards Act.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: August 8th, 2014.

HAWKS QUINDEL, S.C.
*Attorneys for the Plaintiff*

By: */s/ David C. Zoeller*
David C. Zoeller, State Bar No. 1052017
Email: dzoeller@hq-law.com
Caitlin M. Madden, State Bar No. 1089238
Email: cmadden@hq-law.com
222 West Washington Avenue, Suite 450
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236